Matter of Karimzada v New York State Bd. of Parole (2019 NY Slip Op 07830)





Matter of Karimzada v New York State Bd. of Parole


2019 NY Slip Op 07830


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

528570

[*1]In the Matter of Mohammed Karimzada, Appellant,
v
New York State Board of Parole, Respondent.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


The Law Office of Jocelyne S. Kristal, White Plains (Jocelyne S. Kristal of counsel), for appellant.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Schick, J.), entered January 15, 2019 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request for parole release.
Petitioner is serving an aggregate sentence of 16&frac13; to 40 years in prison for his convictions of rape and related charges, stemming from conduct in which he engaged in sexual intercourse by forcible compulsion with three victims. In November 2017, he appeared before respondent for the third time seeking to be released on parole supervision. Respondent denied release, but petitioner was granted a de novo hearing by the administrative appeals unit. Following the hearing, respondent again denied petitioner's release and ordered him held for an additional 24 months. The denial was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition. Petitioner appeals.
In determining whether to grant discretionary release, respondent "is charged with considering whether 'there is a reasonable probability that, if [an] inmate is released, he [or she] will live and remain at liberty without violating the law, and that his [or her] release is not incompatible with the welfare of society and will not so deprecate the seriousness of his [or her] crime as to undermine respect for the law'" (Matter of Hawthorne v Stanford, 135 AD3d 1036, 1037 [2016], quoting Executive Law § 259-i [2] [c] [A]). Respondent denied release, stating that it was not "convinced" that petitioner's release would not so deprecate the seriousness of the offense as to undermine respect for the law. Petitioner argues that the "reasonable probability" standard contained in the first clause of Executive Law § 259-i (2) (c) (A) applies to all three clauses. As a result, petitioner claims that respondent should have considered whether there is a "reasonable probability" that his release will not so deprecate the seriousness of his offense as to undermine respect for the law. We disagree. The first clause of Executive Law § 259-i (2) (c) (A) mandates that respondent consider whether an inmate should be released based upon future probabilities regarding his or her behavior. The remaining two clauses involve a consideration of the impact of the release on society and whether the release so deprecates the seriousness of the offense as to undermine respect for the law. These two clauses do not entail a consideration of the probability of future events. Therefore, in our view, the "reasonable probability" standard relates only to the first clause's consideration of whether the inmate will break the law in the future. Accordingly, we cannot conclude that, by stating that it was not convinced that petitioner's release would not deprecate the seriousness of the offense, respondent misapplied Executive Law § 259-i.
Petitioner also argues, and respondent concedes, that the administrative appeals unit relied on inaccurate information in affirming respondent's denial. Specifically, the appeals unit erroneously stated, in its statement of its findings and recommendation, that petitioner was assessed "high" on his COMPAS Risk and Needs Assessment instrument for the risk factors related to a history of violence and risk of absconding, when, in fact, he was assessed "medium" for both factors. "Because of the likelihood that such error may have affected the decision to affirm [respondent's] denial of petitioner's request for parole release, proper administrative review is required" (Matter of Torres v Stanford, 173 AD3d 1537, 1538 [2019] [internal quotation marks and citations omitted]; see Matter of Clark v New York State Bd. of Parole, 166 AD3d 531, 532 [2018]). Accordingly, the judgment must be reversed and the matter remitted to respondent for a new administrative appeal proceeding.
Lynch, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.